JUDGE RAKOFF

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
)
ODDCAST INC.                                                )
                                                            )   Case No. _____
Plaintiff,                                                  )
                                                            )
v.                                                          )   COMPLAINT
                                                            )
FOUNDATION J GLOBAL                                         )
ENTERPRISES, LLC                                            )
                                                            )
Defendant.                                                  )
------------------------------------------------------------X

08 CV 02808

RECEIVED
MAR 17 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Oddcast Inc. ("Oddcast") alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff Oddcast brings this diversity breach of contract action against Defendant as a result of Defendant's failure to pay for services provided by Plaintiff pursuant to an agreement entered into between the parties.

## PARTIES

2.      Plaintiff Oddcast is a corporation incorporated under the laws of Delaware with its principal place of business at 134 W. 37th Street 7th Floor, New York, NY 10018.

3.      Upon information and belief, Defendant Foundation J. Global Enterprises, LLC ("Defendant" or "Foundation") is a corporation incorporated under the laws of Louisiana, with its principal place of business at 5510 N. Allegheny Ct., Baton Rouge, LA 70817.

## JURISDICTION & VENUE

4. This is an action for: (1) breach of contract; and (2) unjust enrichment under New York State common law.

5. This Court has jurisdiction over the subject matter of this action pursuant 28 U.S.C. § 1332 and New York state common law. The matter in controversy exceeds the sum of $75,000 exclusive of interest and costs. There is complete diversity between Plaintiff Oddcast and Defendant.

6. Venue lies in the District of New York pursuant to 28 U.S.C. 1391(a) due to the complete diversity between parties, and due to a substantial part of the events that are the subject matter of this lawsuit occurring in this judicial district, including but not limited to, execution of the underlying contract and the provision of goods and services by Plaintiff to Defendant pursuant to the contract.

## FACTS COMMON TO ALL CLAIMS

7. Oddcast develops and distributes several software products that generate interactive characters ("avatars") that can be used on websites, mobile devices, radio and television. Oddcast's software, and its avatar platform enable its customers to personalize online communications and by businesses to increase conversion and sales. Oddcast's technology is used by over 9,000 business customers worldwide and millions of consumers.

8. One of Oddcast's software products is the Voki Partner Interface ("VPI"). The VPI service allows the end user to create and publish avatars in various digital environments. The VPI service avatars are part of both an online, front-end display, and the back-end database and infrastructure. The VPI is a "turnkey" system that allows any

2

non-programmer to provide avatars in an online environment. The VPI service provides the customer with numerous features, including an integrated creation module, and the ability to publish user-created avatars, insert advertising tags in applications, download avatars to mobile devices, and create usage reports.

9. Upon information and belief, WageHunter is a division of Foundation J. Global Enterprises. See Ex. 1.

10. On August 22, 2007, WageHunter and Oddcast entered into a licensing agreement ("the Agreement") for the VPI service. See Ex. 2. The Agreement commenced on September 1, 2007 and had a one (1) year term.

11. Pursuant to the Agreement, WageHunter agreed to pay Oddcast a fee of $15,000 per month beginning on September 1, 2007, payable on the first day of each month. Under the Agreement, unpaid balances were allowed to accrue until January 1, 2008, at which time, payments were to be made according to the payment schedule provide in the Agreement.

12. The payment schedule in the Agreement, from September 1, 2007 to March 1, 2008, is as follows:

| Date | Balance Due | Payment | Balance |
| --- | --- | --- | --- |
| Sept. 1, 2007 | $15,000 | $0 | $15,000 |
| Oct. 1, 2007 | $30,000 | $0 | $30,000 |
| Nov. 1, 2007 | $45,000 | $0 | $45,000 |
| Dec. 1, 2007 | $60,000 | $0 | $60,000 |
| Jan. 1, 2008 | $75,000 | $25,000 | $50,000 |
| Feb. 1, 2008 | $65,000 | $25,000 | $40,000 |
| Mar. 1, 2008 | $55,000 | $55,000 | $0 |

13. In reliance on the Agreement, the Oddcast provided the VPI service to WageHunter.

14. In accordance with the fee terms of the Agreement, Oddcast issued the following invoices:

   a. On September 1, 2007, invoice no. 17583 in the amount of $15,000. See Exhibit 3.
   b. On October 1, 2007, invoice no. 17584 in the amount of $15,000. See Exhibit 4.
   c. On November 1, 2007, invoice no. 50046 in the amount of $15,000. See Exhibit 5.
   d. On December 1, 2007, invoice no. 50101 in the amount of $15,000. See Exhibit 6.
   e. On January 1, 2008, invoice no. 50145 in the amount of $15,000. See Exhibit 7.
   f. On February 1, 2008, invoice no. 50181 in the amount of $15,000. See Exhibit 8.
   g. On March 1, 2008, invoice no. 50210 in the amount of $15,000. See Exhibit 9.

15. As of March 17, 2008, no payment has been made by Defendant under its own name or the name of its WageHunter division pursuant to the Agreement.

16. In a March 3, 2008 email to Mr. Jesu Obanfunwa, Operations Manager for WageHunter and the original signatory to the Agreement on WageHunter's behalf, Oddcast made a final demand to WageHunter of a minimum payment of $15,000 towards the $90,000 owed to Oddcast. See Exhibit 10.

17. As of March 17, 2008, WageHunter had not responded to the March 3, 2008 request for payment.

## CLAIM I
### (Breach of Contract)

18. Oddcast repeats and realleges each of the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19. The Agreement between Oddcast and Defendant's division, WageHunter, provided that it would remit total payments of $105,000 as of March 1, 2008.

20. In accordance with the fee terms of the Agreement, Oddcast issued seven (7) invoices to WageHunter, with a total outstanding balance of $105,000.

21. Defendant expressly agreed to the terms of the Agreement on August 2, 2007.

22. Despite the Defendant's express agreement to the Agreement and Oddcast's repeated demands, to date, the Defendant has failed to remit any payment of these invoices.

23. Such conduct constitutes a material breach of the Agreement.

24. As a direct and proximate result of Defendant's improper conduct and breach of the Agreement, Oddcast has suffered damages in the amount of $105,000.

## CLAIM II
### (Unjust Enrichment)

25. Oddcast repeats and realleges each of the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26. Plaintiff executed the Agreement and provided services pursuant to the Agreement to the benefit of Defendant.

27. Defendant accepted the benefits associated with Plaintiff's execution of the Agreement.

28. Defendant has retained the benefits obtained through Plaintiff's execution of the Agreement without providing to Plaintiff any of the payments due and owing and, therefore, has been unjustly enriched.

29. By reason of the foregoing, Defendant is liable to Plaintiff in an amount to be proven at trial.

WHEREFORE, Oddcast respectfully requests that the Court grant the following relief:

1. Awarding Oddcast a minimum of $105,0000, along with whatever additional damages are proven at trial, including, but not limited to any interest due, and the costs of bringing this action; and

2. Awarding such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a jury trial on all causes of action so triable.

Dated: New York, NY
March 17, 2008

        Respectfully submitted,

        PEARL COHEN ZEDEK LATZER, LLP

By: _____
        Lee A. Goldberg (LG-9423)
        Nathaniel B. Buchek (NB-0246)
        1500 Broadway, 12th Floor
        New York, NY 10036
        Tel: (646)878-0800
        Fax: (646)878-0801

        *Attorneys for Plaintiff*
        *Oddcast Inc.*